UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID MORALES ZENQUIS, | ) | 3:22-CV-1151 (SVN) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. PULLEN, CAVERLY, and EFTAXAS, | ) | |
| *Respondents*. | ) | January 31, 2024 |

**<u>ORDER DISMISSING PETITION</u>**

Petitioner David Morales Zenquis, a prisoner incarcerated at the Federal Correctional Institution ("FCI") in Danbury, Connecticut, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asking the Court to order that he be tested for Autism Spectrum Disorder ("ASD") and seen by the facility psychiatrist. Respondents contend that the petition is now moot as Petitioner has been evaluated for ASD by a board-certified and Connecticut-licensed psychologist and found not to meet the diagnostic criteria for ASD, and Petitioner can seek mental healthcare through the facility's sick call procedures. For the following reasons, the Court agrees with Respondents, and the petition is DISMISSED as moot.

### I.      BACKGROUND

On May 26, 2020, Petitioner was sentenced to eleven years in prison following his guilty plea in the District of Puerto Rico to one count of coercion and enticement of a minor. *See United States v. Morales-Zenquis*, D. P.R. Crim. No. 3:19-cv-684, ECF No. 36 (Judgment). He has been serving his sentence at FCI Danbury.

On June 6, 2021, Petitioner requested assistance in obtaining an evaluation for ASD, stating that he was supposed to have received one in Puerto Rico, but the court there denied his request. Pet'r's Mem. Ex. A, ECF No. 1 at 30. On June 9, 2021, Petitioner was told he had been scheduled

for an appointment, and he inquired when the appointment did not take place by late June.  *Id.* at 31.  On July 27, 2021, Petitioner again asked to be tested for ASD "for [his] own personal reason." *Id.* at 32.  Dr. Eftaxas responded to this request on September 9, 2021, noting that Petitioner's file included no suggestion that he suffered from ASD and stating that the facility did not test for this disorder without a documented history of symptoms.  *Id.* at 36.  The record also includes a December 7, 2021, statement from the Chief Psychologist that Petitioner was seen for intake at the institution upon arriving at FCI Danbury in May of 2021 and was told at that time that he did not meet the autism criteria and would not be diagnosed with autism. *Id.* at 40.  The Chief Psychologist also stated that Petitioner had been seen on November 22, 2021, in response to his many requests, and it was again determined that he did not meet the criteria for ASD or bipolar disorder.  *Id.*

Petitioner filed the instant petition on September 12, 2022, claiming that he had still not received the ASD evaluation and requesting that the Court order Respondents to perform one for him.  Respondents initially moved to dismiss the petition for lack of exhaustion of administrative remedies, but the Court denied that motion and ordered Respondents to show cause why the petition should not be granted.  ECF No. 16.

In response to this litigation, on May 2, 2023, Dr. Joseph Caverly, the Chief Psychologist at FCI Danbury, met with Petitioner to perform an ASD assessment.  Caverly Decl., Resp'ts.' Mem. Ex. 1, ECF No. 21 at 7, ¶ 3.  Dr. Caverly was assisted in the assessment by a pre-doctoral intern.  *Id.*  Dr. Caverly, with the assistance of the intern, determined that Petitioner does not meet the criteria for ASD diagnosis.  *Id.* at ¶ 4; *see also* Clinical Note, Caverly Decl., Ex. A., ECF No. 22.

2

## II.       LEGAL STANDARD

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *see also Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (claim that federal prisoner is receiving constitutionally inadequate medical care cognizable under section 2241).

## III.      DISCUSSION

Respondents argue that the petition should be denied for three reasons: first, Petitioner has been evaluated for ASD, so the requested relief is moot; second, Bureau of Prisons ("BOP") policy does not permit prisoners to seek treatment from personal health care providers while incarcerated, as Petitioner has subsequently requested; and third, following his evaluation, Petitioner has not utilized prison procedures to request further consultation or treatment.

### A.       ASD Evaluation

Initially, the Court holds that Petitioner's request for an ASD evaluation is moot. In the requests for relief section of his petition, Petitioner sought only "an Autism Spectrum Disorder evaluation, and an appointment with the facility's contracted psychiatrist." ECF No. 1 at 8.[1] Petitioner submitted no evidence in English indicating that he had previously been diagnosed with

---

[1] Petitioner also sought to "resolv[e] this instant petition for the benefit of individuals similarly situated." ECF No. 1 at 27. As he is proceeding *pro se*, however, Petitioner cannot represent the interests of third parties. *See Chapman v. United States Dep't of Justice*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (collecting cases). This request for relief is therefore dismissed.

3

ASD.[2]  He did submit documents in English showing diagnoses of attention deficit disorder, depression, bipolar disorder, and anxiety, but not ASD.  *See id.* at 54, 57–58, 62–63, 67.  Despite this lack of evidence of a prior history of ASD, Dr. Caverly, the Chief Psychologist at FCI Danbury, met with Petitioner and conducted an ASD evaluation in response to the instant petition. Thus, the relief requested has been provided and the petition's request for relief is moot.

In his reply brief, Petitioner challenges Dr. Caverly's findings, including by arguing that Dr. Caverly was not qualified to perform the evaluation.  But Petitioner has cited to no authority holding that the evaluator *must* have certain credentials.   Dr. Caverly has a Doctorate in Psychology, and is the Chief Psychologist at FCI Danbury.  The Court is not in a position to second-guess Dr. Caverly's medical assessment of Petitioner.[3]

Petitioner also asks this Court to order an appointment with the facility psychiatrist. Although Dr. Caverly is not a psychiatrist, he is a mental health professional.  Because this request for relief appears to be made in conjunction with Petitioner's request for an ASD evaluation, and because the appointment with Dr. Caverly in May of 2023 was an appointment with a licensed mental health provider, the Court holds that Petitioner's request to see a facility psychiatrist is now moot.

As Petitioner has received the relief he requested in his petition, the petition is moot.

B.   Outside Provider

Following the ASD evaluation by Dr. Caverly, Petitioner filed an "Emergency Declaration and Notice," ECF No. 19, in which he expressed his dissatisfaction with the ASD evaluation and

---

[2] Petitioner submitted some documents in Spanish, ECF No. 1 at 68–85.  The Court cannot determine whether these documents support an ASD diagnosis.
[3] Petitioner's reply also discusses the alleged suicide of another FCI Danbury inmate.  Again, as Petitioner cannot pursue claims on behalf of third parties, the Court does not address this issue.

asked the Court to order that "Respondents or the Warden approve a telepsych ASD evaluation with an outside specialist sought and fully paid by Petitioner[.]" *Id.* at 9.

The BOP policy regarding examination by an inmate's personal physician or a provider not affiliated with the prison is set forth in Program Statement 6031.04, section 43, which provides: "Ordinarily, inmates are not permitted to use their own physicians or other providers, whether on a reimbursable or non-reimbursable basis, or whether there was a prior relationship between the inmate and the provider." *See* https://www.bop.gov/policy/progstat/6031_004.pdf (last visited January 31, 2024).

The Program Statement permits the facility to exercise discretion to permit such examination only where the inmate was being treated by the private physician prior to incarceration. As Petitioner has not previously been treated for ASD and intends to seek a psychologist or psychiatrist to evaluate whether he has this disorder, the exception does not apply. Thus, Petitioner's request for a second ASD evaluation by a provider of his choosing is denied.

C.     Eighth Amendment Violation

Even assuming for the sake of argument that Petitioner's claim was not moot, it does not rise to the level of a constitutional violation. To assert a claim for deliberate indifference to serious mental health needs, Petitioner must allege facts establishing objective and subjective elements. Objectively, the plaintiff must allege a "sufficiently serious" medical or mental health condition. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citations omitted). To determine whether a condition is "serious," courts consider whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and

substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).  Subjectively, the plaintiff must allege that the defendant "knew of and disregarded the plaintiff's serious medical needs." *Id.* at 703.  This culpable mental state exceeds mere negligence and is akin to criminally reckless intent.  *See Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994).  In addition, a disagreement over the treatment provided does not show deliberate indifference.  *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance*, 143 F.3d at 703); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment .... [T]he essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and citation omitted)).

At bottom, Petitioner is disputing Dr. Caverly's conclusion that he does not suffer from ASD, *i.e.*, disagreeing with the diagnosis.  As this is an issue implicating medical judgment and, at worst, negligence amounting to medical malpractice, it does to rise to the level of deliberate indifference and does not violate the Eighth Amendment.  *See Randle v. Alexander*, 960 F Supp. 2d 457, 481 (S.D.N.Y. 2013) (citation omitted).  Section 2241 relief is available only if Petitioner's confinement violates the Constitution.  *See* 28 U.S.C. § 2241(c)(3).  Thus, this claim is not cognizable under section 2241.

### D.   Treatment Requests

Finally, Respondents note that Petitioner has not requested any mental health treatment following the ASD evaluation.  In response, Petitioner seems to contend that inmates were instructed not to submit electronic requests except under certain circumstances, and refers the Court to a previously submitted exhibit, ECF No. 13-1 at 2.  This exhibit provides that, while a

sick call (presumably non-electronic) can only be made for "acute illness," an electronic request can be submitted for, among other things "consultation inquiries."  ECF No. 13-1 at 2.  Thus, it is not clear that this policy precludes Petitioner from submitting an electronic request for care. However, regardless of whether Petitioner could make an electronic sick call request for further mental health treatment, he has provided no evidence that he cannot, in some form, seek a medical appointment through other avenues.  Should Petitioner seek a medical appointment through appropriate channels and be denied, he is free to file another action if he believes he has been deprived of constitutionally adequate healthcare.

## IV.    CONCLUSION

The petition for writ of habeas corpus, ECF No. 1, is **DISMISSED** as moot.  Any appeal of this order would not be taken in good faith.

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Hartford, Connecticut, this 31st day of January, 2024.

　*/s/ Sarala V. Nagala*　　　　　　　
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE